■ MILLICENT BUCKNER, Respondent, v SEYMOUR BUCKNER, Appellant. —Order, Supreme Court, New York County, entered May 19, 1976, granting plaintiff's motion for temporary alimony and child support and directing that defendant pay alimony in the sum of $300 per week and child support in the sum of $100 per week, unanimously modified, on the law and the facts, to provide and direct weekly alimony payments in the sum of $150 and that defendant be further required to maintain the $10,000 performance bond heretofore posted, and as so modified, affirmed, without costs and disbursements. In fixing the amount of temporary alimony to be awarded, the court looks, in the first instance, to section 236 of the Domestic Relations Law which provides that the court may direct the husband to provide "suitably for the support of the wife as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of the wife to be self-supporting, the circumstances of the case and of the respective parties." "The ultimate determination in each case must depend upon a balancing of several factors—the financial status of the respective parties, their age, health, necessities and obligations, their situation in life, the duration and nature of the marriage and the conduct of the parties" *(Phillips v Phillips,* 1 AD2d 393, 398, affd 2 NY2d 742). After scrutiny of the record and applying the principles enunciated above to the case at bar, it is concluded that, in order to achieve a fairer balance of the

equities, the order appealed from must be modified downward insofar as temporary alimony is concerned to provide for $150 alimony per week (see *Kover v Kover,* 29 NY2d 408). It is further noted that this court on August 26, 1976 stayed the operative provisions of the order appealed from on condition, *inter alia,* that the defendant post a $10,000 performance bond and pay the sum of $200 per week to the plaintiff. The defendant is directed to continue said bond in effect. "The best protection to both parties against any unfairness in the fixing of temporary alimony on the basis of affidavits is a speedy trial rather than appeal or reference" *(Bleiman v Bleiman,* 272 App Div 760). At the trial, the award directed herein should have no effect in the determination on the grant of permanent alimony, child support or as to the amounts thereof, which determination should rest upon the evidence adduced at said trial. On this record, modification is limited to the foregoing observations. Settle order on notice with particular reference to the effective dates of the alimony payments. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Nunez, JJ.